# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS A. SEABOLT,
        Petitioner,

v.                                                       Case No. 05-c-1198

ROBERT HUMPHREYS,[1] Warden,
        Respondent.

## ORDER

On November 15, 2005, Thomas A. Seabolt filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution and laws of the United States. Petitioner was convicted in Winnebago County Circuit Court of selling harmful material to a child and soliciting a child for prostitution. He was sentenced to fifteen years imprisonment and is currently incarcerated at Racine Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

---

[1] Petitioner initially named Quala Champagne as respondent in this action. However, according to petitioner's January 3, 2006, letter, Robert Humphreys is now the warden at the Racine Correctional Institute.

In this case, petitioner alleges four constitutional or federal law claims. First, he alleges that the state sentenced him on a count which was dismissed, in violation of the Double Jeopardy Clause . This clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). Petitioner's allegations raise a colorable claim under this theory

Second, petitioner alleges that the state denied him discovery when it refused to provide him with transcripts. The Supreme Court has concluded that, generally, indigent defendants are entitled to transcripts when such transcripts are required to appeal. Griffin v. Illinois, 351 U.S. 12, 24 (1956). However, under Wisconsin Law, indigent defendant's are only entitled to a free transcripts upon demonstration that they have a meritorious claim on appeal. State ex rel. Girouard v. Jackson County Circuit Ct., 155 Wis.2d 148, 159 (1990). Because it is not clear (1) whether petitioner was seeking to obtain a transcript without payment and (2) whether petitioner presented evidence that he had a meritorious appeal, I conclude that he has presented at least colorable claims that deserve further development.

Third, petitioner alleges that the state denied him counsel in the post-conviction process, which is clearly a constitutional ground for habeas relief under Halbert v. Michigan 125 S.Ct. 2582, 2594 (2005) and Douglas v. People of State of Cal., 372 U.S. 353, 357-58 (1963).

Finally, petitioner alleges that he state declined to allow him to present witnesses to testify at his hearing. Due process includes the right to call witnesses but not the right

2

to present testimony that would be irrelevant. Pannell v. McBride, 306 F.3d 499, 502-03 (7th Cir. 2002). Petitioner's petition does not indicate the specific hearing in which the judge denied him the opportunity to present witnesses, nor the purpose of their testimony. However, because petitioner has alleged at least a cognizable claim, I will allow him to proceed and determine whether such claim is actually cognizable after further briefing.

Thus, petitioner has alleged at least colorable constitutional and federal law issues and I will allow him to proceed further.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and

(2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed in forma pauperis is **GRANTED.**

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 10 day of January, 2006.

/s_____
LYNN ADELMAN
District Judge