# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS A. SEABOLT,
   Petitioner,

 v.               Case No. 05-C-1198

ROBERT HUMPHREYS, Warden,
   Respondent.

## ORDER

  Petitioner Thomas A. Seabolt, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court conviction of selling harmful material to a child and soliciting a child for prostitution based on his no-contest plea. Respondent now moves to dismiss, arguing that the petition is barred by the AEDPA's one-year statute of limitations and that petitioner procedurally defaulted.

  The facts of the case are easily summarized. Petitioner was convicted in January 2004, but an amended judgment of conviction was filed on March 5, 2004. Thus, under Wisconsin law, he had twenty days from March 5, 2004 to notify the trial court that he intended to seek post-conviction relief. Petitioner did not file such notice and did not seek direct review. Petitioner alleges that this was the fault of his lawyer. Petitioner also alleges that until June 2004, when he was transferred to the Racine Correctional Institution ("RCI"), he was held at the Winnebago County Jail, which had no legal materials of any kind and no copy of the AEDPA. On May 17, 2005, petitioner filed a motion to vacate his sentence in the state trial court, and on October 26, 2005, the court denied the motion. On November 15, 2005, he filed his federal habeas petition.

With respect to the timeliness issue, the parties disagree on the date that the one-year limitation period commenced. Respondent argues that pursuant to § 2244(d)(1)(A) it commenced on March 25, 2004, when "the time for seeking [direct] review" expired. Petitioner argues that the limitation period commenced in June 2004 when he was transferred to RCI. He contends that the total absence of legal materials at the Winnebago County Jail was a state-created "impediment" to his filing a habeas petition within § 2244(d)(1)(B), and that the limitation period did not begin to run until the impediment was "removed." Id. Petitioner also contends that his motion to vacate his sentence was "a properly filed application for State post-conviction or collateral review" within § 2244(d)(2) and that therefore the time during which it was pending – May 17, 2005 to October 26, 2005 – does not count toward the limitation period.

I agree with petitioner that if he could establish that he had no knowledge of AEDPA's one-year limitation period and that the state held him at a facility that had no legal materials including a copy of the AEDPA, he could invoke § 2244(b)(2). See Egerton v. Cockrell, 334 F.3d 433, 439 (5th Cir. 2003) (concluding that an inadequate prison law library may constitute a state created impediment that would toll the AEDPA's one-year limitation period pursuant to § 2244(d)(1)(B)); see also Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (finding that the unavailability of the AEDPA in a prison law library may create an "impediment" for purposes of § 2244(d)(1)(B)).

However, I need not decide whether petitioner could invoke § 2244(d)(1)(B) because I must dismiss his petition for failure to exhaust his state court remedies. See § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (stating that a "state prisoner must give the state courts an opportunity to act on his claims before he

Case 2:05-cv-01198-LA   Filed 07/07/06   Page 2 of 3   Document 20

presents those claims to a federal court in a habeas petition"). In order to satisfy the exhaustion requirement, petition had to have sought review in both the state court of appeals and the state supreme court. Id. at 845. He did neither. Thus, I cannot review the merits of his claims.

Although it seems unlikely that at this late date petitioner could obtain review of his claims in the state courts, it is theoretically possible. Therefore, I will dismiss his petition without prejudice.

Therefore, for the reasons stated,

**IT IS ORDERED** that respondent's motion to dismiss is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 7 day of July, 2006.

/s_____
LYNN ADELMAN
District Judge