# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS A. SEABOLT,
        Petitioner,

v.                                                                 Case No. 05-C-1198

ROBERT HUMPHREYS, Warden,
        Respondent.

## DECISION AND ORDER

On July 7, 2006, I denied petitioner Thomas Seabolt's petition for a writ of habeas corpus. On July 17, 2006, petitioner filed a motion for reconsideration. Also before me is petitioners' implied request for a certificate of appealabilty. I will address each herein.

### I. MOTION FOR RECONSIDERATION

There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. However, a party can seek relief from a judgment under Rule 59(e) or Rule 60(b). The key factor in determining whether a motion is cognizable under Rule 59 or Rule 60 is its timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). Substantive motions filed within ten days of the entry of judgment are considered under Rule 59; those filed more than ten days after the entry of judgment are evaluated under Rule 60. Id. A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Id. (internal quotation marks and citation omitted).

The instant motion is substantive because it challenge my rulings on the merits of petitioner's claims. And, it was filed less than ten days after entry of judgment. Therefore, I analyze the motion under Rule 59.

While the Supreme Court has held that a state prisoner cannot use Rule 60 to present to the district court "claims" for habeas relief, Gonzalez v. Crosby, 545 U.S. 524 (2005), in this circuit no such similar requirement is imposed upon substantive motions brought pursuant to Rule 59(e), Curry v. United States, 307 F.3d 664, 666 (7th Cir. 2002). A party may use Rule 59(e) to direct a district court's attention to newly discovered material evidence or a manifest error of law or fact, enabling the court to correct its own errors, thereby avoiding unnecessary appellate procedures. Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). However, the rule may not be used as a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the court prior to the judgment. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir.1995).

Petitioner contends that I erred in concluding that he was required to exhaust his claims in state court prior to proceeding in federal court for habeas review. See § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (stating that a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

In order to satisfy the exhaustion requirement, petition had to have sought review in both the state court of appeals and the state supreme court. Id. at 845. He did neither. Thus, I determined that he had not exhausted. However, because he claimed that his

2

lawyer was ineffective, I thought he might be able to convince a state court that he had good reason for doing so and thus it was theoretically possible that petitioner could exhaust his claims in the state court. See State v. Escalona-Naranjo, 185 Wis.2d 168 (1994). Thus, I dismissed his case without prejudice to allow him to attempt to exhaust his state court remedies.

In his motion for reconsideration, petitioner contends that he is exempt from the exhaustion requirements and that, therefore, I should permit him to proceed on the merits of his claims. However, if petitioner chooses not to attempt to exhaust his state court remedies or is unable to do so, such failure would constitute a procedural default. Procedural default occurs when a petitioner fails to assert a claim that could have been brought in state court and the time for doing so has passed. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This happens if the petitioner fails to pursue appeals required by state law, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), or fails to present his federal claims to the state court, Resnover, 965 F.2d at 1458-59. Federal courts may only consider claims that have not been properly presented to the state court if the petitioner demonstrates cause and prejudice stemming from the procedural default, or establishes that the federal court's failure to reach the merits will result in a fundamental miscarriage of justice. See e.g., Gray v. Netherland, 518 U.S. 152 (1996). Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts. Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his actual and substantial disadvantage,

3

infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Petitioner has not shown cause and prejudice. Petitioner does not directly address cause and prejudice in his brief but it appears the cause that the petitioner asserts is the impartiality of the trial court. In order to show cause petitioner must show an objective external factor that impeded his compliance with the State's procedural rule and prejudice of the trial court simply does not rise to this level. Petitioner could have filed his direct review within the twenty days regardless of any impartiality by the trial court. Petitioner was made aware of this ability and failed to pursue it. As to prejudice, the petitioner agreed to the plea that was entered and offers no information as to why he would have rejected the plea.

Similarly, petitioner has failed to show a miscarriage of justice. Petitioner pleaded no contest to the charges against him and has not demonstrated how he is innocent of his conviction.

Thus, for the reasons stated above as well as those given in my July 7, 2006, order, I will deny petitioner's motion for reconsideration.

## II. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a COA, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal,

the district judge must either issue a certificate or state why a certificate should not issue. See also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

The certificate may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a COA it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In his petition, petitioner presented four claims: (1) that his rights under the Double Jeopardy Clause were violated because the charges in counts II and III were multiplicious; (2) that the state denied him discovery when it refused to provide him with transcripts ; (3)

5

that the state denied him counsel in the post-conviction process; and (4) the state violated his right to due process when it declined to allow him to present witnesses to testify at his hearing. However, I did not reach the merits of these claims because I concluded that petitioner had failed to exhaust his state court remedies. And, upon reconsideration, I further concluded that he had not demonstrated cause and prejudice for those failures, nor a substantial miscarriage of justice. None of these issues deserves encouragement to proceed further nor is my determination that petitioner failed to exhaust his state court remedies, or demonstrated that his failure falls within an exception to procedural default debatable among jurists of reason.

Thus, for the same reasons as set forth in my July 7, 2006, decision and order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. I do not believe jurists of reason would differ as to any of the issues he presented in this case, and I do not believe these issues should proceed further.

**THEREFORE, IT IS ORDERED** that petitioner's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's implied request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26 of August, 2006.

/s_____
LYNN ADELMAN
District Judge

6